# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY A. MARTINEZ, | No. 2:15-CV-2651-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 23) and defendant's cross-motion for summary judgment (Doc. 25).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on May 27, 2010. In the application, plaintiff claims that disability began on January 1, 2003. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on December 2, 2011, before Administrative Law Judge ("ALJ") Timothy S. Snelling. In a January 13, 2012, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

    1.    The claimant has the following severe impairment(s): exogenous obesity; insulin dependent diabetes mellitus with mild peripheral neurophathy; probably coronary artery disease with ischemia; gastroesophageal reflux disease (GERD); obstructive sleep apnea; right hip trochanteric bursitis; osteoarthritis; anemia; peptic ulcer disease; gastritis; major depressive disorder, recurrent, moderate to severe; post traumatic stress disorder (PTSD); and pain disorder associated with psychological factors and general medical conditions;

    2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

    3.    The claimant has the following residual functional capacity: the claimant can lift/carry 40 pounds occasionally and 20 pounds frequently; she can occasionally climb ladders, ropes, or scaffolds; she can occasionally interact with the general public; she has mild to moderate loss of ability to understand, remember, and carry out complex or detailed job instructions; and

    4.    Considering the claimant's age, education, work experience, residual functional capacity, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

The Appeals Council remanded for further proceedings. Specifically, the ALJ was instructed to re-evaluate the opinion of Philip Cushman, Ph.D., provide additional analysis of plaintiff's mental limitations, and obtain vocational expert testimony. A second hearing was held on May 23, 2014, before the same ALJ. In an August 1, 2014, decision, the ALJ noted the same severe impairments, adding that plaintiff also suffers from "a history of hiatal hernia,

/ / /

/ / /

migraine headaches, and gout." As to plaintiff's residual functional capacity, the ALJ stated:

> . . .After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is limited to no more than occasional climbing of ladders, ropes, scaffolds, and occasional balancing, stooping, crouching, kneeling, and crawling. She is limited to no more than occasional face-to-face interaction with the general public. The claimant is able to occasionally understand, remember, and carry out complex or detailed job instructions.

Based on the vocational expert's testimony, the ALJ again determined that plaintiff is not disabled. After the Appeals Council declined further review on October 27, 2015, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

Plaintiff argues: (1) the ALJ failed to properly evaluate the medical opinions; (2) the ALJ failed to provide sufficient reasons for finding her testimony not credible; and (3) given these errors, the ALJ's residual functional capacity and vocational findings are also flawed.

### A. Evaluation of Medical Opinions

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035,

4

1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

Plaintiff argues that the ALJ failed to state sufficient reasons for rejecting the opinion of Dr. Cushman. As to Dr. Cushman, the ALJ stated:

> Philip M. Cushman, Ph.D., performed a consultative psychological examination of the claimant on December 22, 201. The doctor noted that the claimant drove herself to the examination. Her chief complaints were diabetes, neuropathy, sleep apnea, and migraine headaches. She reported that she last worked in about 2000 as an instructor's helper as part of a work-study program. She had worked full time as an emergency room technician for seven years. She injured her back and left hip on the job. She has been insulin dependent for several years, and has had neuropathies in her feet for six or seven years. She reported that another doctor had diagnosed her with sleep apnea in 2008 and she was using a BIPAP machine. She had migraines since age twelve. The claimant also reported poor sleep and a feeling of depression. She told Dr. Cushman that she did not read. This is inconsistent with her testimony and written submissions and the written submission of her son, indicating she does read, and her testimony that she uses a computer at times. After examination and evaluation, the doctor [diagnosed] depressive disorder, moderately severe, PTSD, breathing related sleep disorder, pain disorder associated with psychological factors and her general medical condition. Functionally, the doctor said that the claimant did not appear capable of performing detailed or complex tasks in a work setting, but did appear capable of performing simple repetitive tasks. However, the doctor stated that the claimant would have difficulty with regular attendance and completing a workday because of pain, fatigue, and malaise. She was capable of getting along

> with supervisors, coworkers, and the general public but would have difficulty with the stressors in a work environment [Exhibit 15F].
>
> I accept the diagnoses provided by the doctor, but do not accept all of the functional limitations as suggested. The medical evidence does not support the finding that the claimant would be precluded from performing detailed or complex tasks, nor would [she] have difficulty with regular attendance because of pain, fatigue, or malaise. The claimant has received little mental health treatment and has only sporadically been prescribed medications. There has been only conservative care and treatment recommended, with no aggressive treatment, other than for a single incident in 2011 which has not reoccurred. As noted above, she told a more recent psychological examiner in September 2013 that she was seeking work but was discouraged at not having been hired. The claimant told the examiner that she was not sure if she was depressed and that her complaints were physical, not mental. This suggests that the claimant herself does not believe she is significantly limited in the ability to work due to mental conditions. The conflicting statements made by the claimant, in conjunction with the physical examination findings of Dr. Madireddi, strongly suggest that the limitations suggested by Dr. Cushman were largely based on the subjective report of the claimant and not on objective findings. . . .

According to plaintiff, the ALJ erred by failing to note Dr. Cushman's objective findings. Plaintiff also argues that the ALJ erred by not specifying what weight was given Dr. Cushman's opinions regarding attendance, completing a regular workday, and dealing with work stressors.

Given plaintiff's lack of candor with the doctor regarding her ability to read, the court finds that the ALJ was entitled to discredit all of Dr. Cushman's opinions because any objective findings noted by Dr. Cushman are necessarily suspect. In this regard, it is noteworthy that plaintiff does not address this portion of the ALJ's analysis in her brief. In any event, the ALJ provided sufficient rationale for rejecting Dr. Cushman's opinions by noting that plaintiff's conservative course of treatment is inconsistent with the limitations opined by Dr. Cushman. Morever, Dr. Cushman's limitations with respect to attendance, completing a workday, and dealing with work stressors are belied by plaintiff's efforts to obtain employment after the alleged onset date. Finally, as the ALJ noted, she herself believed that her disability is due to physical problems and not mental problems.

///

**B.  Credibility Assessment**

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

Regarding reliance on a claimant's daily activities to find testimony of disabling pain not credible, the Social Security Act does not require that disability claimants be utterly incapacitated. See Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989).  The Ninth Circuit has repeatedly held that the ". . . mere fact that a plaintiff has carried out certain daily activities . . . does not . . .[necessarily] detract from her credibility as to her overall disability." See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007) (quoting Vertigan v. Heller, 260 F.3d 1044, 1050 (9th Cir. 2001)); see also Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) (observing that a claim of pain-induced disability is not necessarily gainsaid by a capacity to engage in periodic restricted travel); Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984) (concluding that the claimant was entitled to benefits based on constant leg and back pain despite the claimant's ability to cook meals and wash dishes); Fair, 885 F.2d at 603 (observing that "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication").  Daily activities must be such that they show that the claimant is ". . .able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair, 885 F.2d at 603.  The ALJ must make specific findings in this regard before relying on daily activities to find a claimant's pain testimony not credible. See Burch v.

Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

As to plaintiff's testimony and credibility, the ALJ stated:

> . . .She testified that she had depression and takes prescribed medications, but they provide little relief. The claimant testified to very limited activities, depending on her three adult children who live with her. She testified that she has migraine headaches, pain caused by a hernia, and difficulty with memory and concentration.
>
> * * *
>
> . . .[T]he claimant's statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment. The claimant has described physical and mental problems that she believes prevent her from working. However, when examined by a State agency psychologist on September 29, 2013, the claimant stated that she had been putting in many applications but so far was unsuccessful in being hired. She told the examiner that she believed that she was not hired because of her age, but did not allege that she was unable to work due to any physical or mental condition. The claimant told the examiner that she was not sure why she was referred for a mental evaluation when her problems were all physical [Exhibit 44F]. The severity, intensity, and frequency of symptoms as alleged by the claimant are not supported by the medical evidence..

Plaintiff argues that the ALJ erred by not making a specific credibility finding regarding her allegation that she spends most of her time sleeping. Plaintiff also argues that the ALJ erred by not making a specific finding regarding migraine headaches.

The court finds no error. The ALJ was entitled to disbelieve plaintiff's allegations of disabling symptoms given her efforts to obtain employment which are necessarily inconsistent with such symptoms. Again, it is noteworthy that plaintiff does not address the ALJ's discussion of her efforts to find a job.

**C.** **Residual Functional Capacity and Vocational Findings**

Plaintiff argues that the ALJ's findings throughout the remainder of the sequential analysis are flawed owing to the errors argued above. Because the court finds no errors, plaintiff's argument is unpersuasive.

/ / /

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 23) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 25) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 27, 2017

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE